IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDY STARKEY, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID L. RICHARDS, an individual in ) | Case No. 3:10-cv-00921 |
| Idaho; MINOR MIRACLE ) | Judge Campbell/Brown |
| PRODUCTIONS, LLC, an Idaho company; ) | |
| DAVID C. NYE, in his individual capacity; ) | **JURY DEMAND** |
| JAVIER L. GABIOLA, an Idaho attorney; ) | |
| GARY L. COOPER, an Idaho attorney; ) | |
| COOPER AND LARSEN, an Idaho law ) | |
| firm; C. BENNETT HARRISON, JR., a ) | |
| Tennessee attorney; J. MATTHEW ) | |
| BLACKBURN, a Tennessee attorney; and ) | |
| CORNELIUS & COLLINS, LLP, a ) | |
| Tennessee law firm, ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are two Motions to Dismiss filed by Defendants Harrison, Blackburn, and Cornelius & Collins, LLP (the "Tennessee Defendants"). (Docket Entries 3, 12). Defendants have filed Memoranda in support of their Motions. (Docket Entries 4, 13). In response to the first Motion, Plaintiff filed an Amended Complaint. (Docket Entry 8). Plaintiff filed a Response to the second Motion to Dismiss. (Docket Entry 18). The Magistrate Judge also held a hearing regarding this Court's jurisdiction over the subject matter

1

of this litigation on January 13, 2011. (Docket Entry 21). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Tennessee Defendants' Motion be **GRANTED** and the action against them be **DISMISSED with prejudice**.

## I. INTRODUCTION AND BACKGROUND

Plaintiff, a resident of Kingston Springs, Tennessee, brings this action for copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq*. Plaintiff's alleged copyright is in the screenplay and film "The Hayfield." Plaintiff filed this action on October 4, 2010, and he filed an Amended Complaint on November 22, 2010. (Docket Entries 1, 11). Defendants filed their Motions to Dismiss on October 22, 2010 and November 24, 2010. (Docket Entries 3, 12). Plaintiff filed a Response on December 14, 2010. (Docket Entry 18). The Magistrate Judge held a hearing on January 13, 2011. (Docket Entry 21).

This lawsuit originated when a Judgment on the Pleadings was entered against Plaintiff[1] and in favor of Defendants Minor Miracle Productions, LLC and David L. Richards ("Idaho Plaintiffs") in the District Court of the Sixth Judicial District of the State of Idaho ("Idaho judgment"). The judgment found Minor Miracle Productions, LLC was the sole and exclusive owner of the film and related website Plaintiff claimed to own. The Idaho court awarded money damages to the Idaho Plaintiffs and ordered Plaintiff to surrender certain property related to the film. Plaintiff brought this cause of action against the Idaho Plaintiffs, the judge, attorneys, and law firm involved in the Idaho litigation, and the Tennessee attorneys and law firm hired to

---

[1] For the purposes of this Report and Recommendation, "Plaintiff" always refers to the Plaintiff in this action, Randy Starkey. Starkey was the defendant in the Idaho action.

domesticate and enforce the Idaho judgment against Plaintiff.[2]  Plaintiff claims the Idaho judgment infringes on his copyright pursuant to 17 U.S.C. § 504(c), and, by seeking to enforce the judgment, the Tennessee Defendants are also infringing on Plaintiff's copyright.  Plaintiff also seeks injunctive relief.

## II.  LEGAL DISCUSSION

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists.  *Erickson v. Pardus*, 550 U.S. 89 (2007).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id.  See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation

---

[2] On January 31, 2011, Plaintiff returned Summons executed on all Defendants, showing he finally served the Idaho Defendants on January 24, 2011.  The Magistrate Judge awaits those Defendants' responsive pleadings before acting further.

3

of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

In his Amended Complaint, Plaintiff alleges the Tennessee Defendants engaged in fraud and copyright infringement by filing the Petition for Domestication of a Foreign Judgment. (Docket Entry 11). Plaintiff believes the Idaho judgment contains a "massive number" of copyright infringements and, as a copyright matter, was outside the state court's jurisdiction. *Id*. The Tennessee Defendants are seeking to dismiss Plaintiff's claims against them, arguing that their filing of a Petition for Domestication of a Foreign Judgment could in no way constitute copyright infringement under 17 U.S.C. § 106.

The Tennessee Defendants filed the Petition for Domestication of a Foreign Judgment in the Circuit Court for Cheatham County, Plaintiff's county of resident, in accordance with Tenn. Code Ann. § 26-6-104. (Docket Entry 11-3). The Magistrate Judge cannot understand how the Tennessee Defendants' filing of a certified copy of the Idaho judgment could, in itself, constitute copyright infringement. Under 17 U.S.C. § 106, the copyright owner has exclusive rights to reproduce, prepare derivative works, distribute copies, publicly perform, and publicly display the copyrighted work. There is nothing in the Idaho judgment that, on its face, constitutes a distribution or copy of Plaintiff's screenplay or movie. (Docket Entry 11-3). While Plaintiff argued at the hearing that the enforcement of the judgment in itself infringed on his copyrighted work, the Magistrate Judge cannot agree that this constitutes a cause of action in federal court.

Plaintiff's real disagreement seems to be with the judgment itself, not with the Tennessee Defendants' enforcement of the judgment. A party who disagrees with a state court judgment against him cannot bring that factual dispute to federal court for retrial. The *Rooker-Feldman*

4

doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 283-84 (2005). The instant lawsuit, filed on October 4, 2010, was clearly filed later and, indeed, in response to the Idaho judgment, which was decided on August 10, 2010. (Docket Entry 1).[3] Therefore, the Magistrate Judge believes Plaintiff's lawsuit should be dismissed as to the Tennessee defendants. Plaintiff's appropriate remedy is to appeal the Idaho judgment, which he apparently has done.

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Motions to Dismiss filed by Defendants Cornelius & Collins, LLP, C. Bennett Harrison, Jr., and J. Matthew Blackburn be **GRANTED** and Plaintiff's action against them be **DISMISSED with prejudice**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver

---

[3] Plaintiff previously filed a federal lawsuit against Defendant Richards on June 19, 2009, alleging Defendant Richards had infringed on Plaintiff's copyright. *Starkey v. Richards*, Case No. 4:09-cv-00296 (D. Idaho 2009). Plaintiff's action was dismissed without prejudice for failure to properly serve Defendant on June 29, 2010. *Id*. at Docket Entry 42. While Plaintiff commenced this lawsuit prior to the Idaho judgment, that case did not name the Tennessee Defendants as parties and, moreover, was dismissed prior to the issuance of the Idaho judgment.

of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 4th day of February, 2011.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge