IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RANDY STARKEY, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID L. RICHARDS, an individual in | ) | Case No. 3:10-cv-00921 |
| Idaho; MINOR MIRACLE | ) | Judge Campbell/Brown |
| PRODUCTIONS, LLC, an Idaho company; | ) | |
| DAVID C. NYE, in his individual capacity; | ) | **JURY DEMAND** |
| JAVIER L. GABIOLA, an Idaho attorney; | ) | |
| GARY L. COOPER, an Idaho attorney; | ) | |
| COOPER AND LARSEN, an Idaho law | ) | |
| firm; C. BENNETT HARRISON, JR., a | ) | |
| Tennessee attorney; J. MATTHEW | ) | |
| BLACKBURN, a Tennessee attorney; and | ) | |
| CORNELIUS & COLLINS, LLP, a | ) | |
| Tennessee law firm, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are Motions to Dismiss and accompanying

Memoranda and Affidavits filed by Gary Cooper, Javier Gabiola, and Cooper and Larsen

("Cooper and Larsen Defendants"); David C. Nye ("Nye"); and David Richards and Minor

Miracle Productions, LLC ("Minor Miracle Defendants").  (Docket Entries 31-34, 36-37, 48-49).

Plaintiff has filed Responses to all three Motions.  (Docket Entries 51-52, 54-55, 71-72).

Defendant Nye has also filed a Reply.  (Docket Entry 65).  For the reasons set forth below, the

Magistrate Judge **RECOMMENDS** the Defendants' Motions be **GRANTED** and this action be

1

**DISMISSED with prejudice.**[1]

## I. INTRODUCTION AND BACKGROUND[2]

Plaintiff, a resident of Kingston Springs, Tennessee, brings this action for copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.* Plaintiff's alleged copyright is in the screenplay and film "The Hayfield." Plaintiff filed this action on October 4, 2010, and he filed an Amended Complaint on November 22, 2010. (Docket Entries 1, 11). Defendants filed their Motions to Dismiss on February 10, 2011 (the Cooper and Larsen Defendants), February 11, 2011 (Nye), and February 23, 2011 (the Minor Miracle Defendants). (Docket Entries 31, 36, 48). This lawsuit originated when a Judgment on the Pleadings was entered against Plaintiff[3] and in favor of the Minor Miracle Defendants in the District Court of the Sixth Judicial District of the State of Idaho ("Idaho judgment"). The judgment found Minor Miracle Productions, LLC was the sole and exclusive owner of the film and related website Plaintiff claimed to own. The Idaho court awarded money damages to the Minor Miracle Defendants and ordered Plaintiff to surrender certain property related to the film. Plaintiff brought this cause of action against the Minor Miracle Defendants, the judge, attorneys, and law firm involved in the Idaho litigation, and the Tennessee attorneys and law firm hired to domesticate and enforce the Idaho judgment against Plaintiff. Plaintiff claims the Idaho judgment infringes on his copyright pursuant to 17 U.S.C. § 504(c).

---

[1] Plaintiff's action against Defendants Harrison, Blackburn, and Cornelius & Collins, LLP has already been dismissed by this Court. (Docket Entry 61).

[2] Much of this introduction is taken from the Magistrate Judge's previous Report and Recommendation in this matter. (Docket Entry 29).

[3] For the purposes of this Report and Recommendation, "Plaintiff" always refers to the Plaintiff in this action, Randy Starkey. Starkey was the defendant in the Idaho action.

## II. LEGAL DISCUSSION

### A. Standard of Review for a Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

### B. Application of the *Rooker-Feldman* Doctrine

Plaintiff believes the Idaho judgment contains a "massive number" of copyright infringements and, as a copyright matter, was outside the state court's jurisdiction. (Docket Entry 11). Plaintiff is generally correct that matters of copyright infringement are reserved for federal courts. *See* 28 U.S.C. § 1338. However, even if Plaintiff is correct that the Idaho state court had no jurisdiction to determine the ownership of the copyrights to the *Hayfield* movie and website,[4] Plaintiff's course of action is to appeal the state court ruling in state court.

As stated in the previous Report and Recommendation in this case, a party who disagrees with a state court judgment against him cannot bring that factual dispute to federal court for retrial. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 283-84 (2005). The instant lawsuit, filed on October 4, 2010, was clearly filed later and, indeed, in response to the Idaho judgment, which was decided on August 10, 2010. (Docket Entries 1, 11-3).[5] Put simply, Plaintiff cannot dispute

---

[4] As Defendants point out, state courts typically do have the right to determine who owns a copyright. *See Peay v. Morton*, 571 F. Supp. 108, 112-13 (D.C. Tenn. 1983) ("Jurisdiction lies with the state courts in an action to enforce contractual rights or to establish title to a work in statutory copyright."). Moreover, the state proceeding appears to have been a general partnership dispute over ownership and use of the partnership's assets. (Docket Entry 11-4).

[5] Plaintiff previously filed a federal lawsuit against Defendant Richards on June 19, 2009, alleging Defendant Richards had infringed on Plaintiff's copyright. *Starkey v. Richards*, Case No. 4:09-cv-00296 (D. Idaho 2009). Plaintiff's action was dismissed without prejudice for failure to properly serve Defendant on June 29, 2010. *Id.* at Docket Entry 42.

a state court's ruling in federal district court. The only federal court with jurisdiction over a state court's decision is the United States Supreme Court. *See* 28 U.S.C. § 1257(a). The eventual decision of the Idaho Supreme Court may be appealed there.

C.     Lack of Personal Jurisdiction

The Defendants have all also argued that they are not subject to personal jurisdiction in Tennessee. It is the Plaintiff's burden to prove that this court may exercise personal jurisdiction over the Defendants. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Moreover, when faced with a motion to dismiss, the Plaintiff "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

The Magistrate Judge acknowledges that Defendant Minor Miracle Productions, LLC, is arguably subject to personal jurisdiction in Tennessee. Limited liability companies have, at least for federal diversity jurisdiction purposes, the citizenship of each of their members, and Minor Miracle Productions would therefore be a citizen of Tennessee and Idaho. *Delay v. Rosenthal Collins Gp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Even if this Court had jurisdiction over Minor Miracle Productions, however, Plaintiff's claim still fails for the reasons set forth above.

With regard to the remaining Defendants, Plaintiff has offered no facts to show that this court has personal jurisdiction over any of them. Even giving Plaintiff the broadest benefit of the doubt, the Magistrate Judge can find no personal jurisdiction over these Defendants. Plaintiff has not shown that any of these Defendants have contacts with Tennessee that "are of such a continuous and systematic nature that the state may exercise personal jurisdiction . . . even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). Neither has Plaintiff shown that the any of the Defendants "purposefully

avail[ed] himself of the privilege of acting in the forum state or causing a consequence in the forum state;" that the cause of action "arise[s] from the defendants' activities there;" and that the Defendants' "acts . . . or consequences . . . have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Intera Corp. v. Henderson,*428 F.3d 605, 615 (6th Cir. 2005) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff has alleged no facts regarding any of these Defendants' contacts with Tennessee. It is also not apparent from the record that any of these Defendants, all citizens of Idaho, have ever even visited Tennessee, much less conducted any activities here. Essentially every part of this controversy occurred in Idaho, not in Tennessee, and Plaintiff has clearly failed to allege that any of these Defendants is subject to general personal jurisdiction in Tennessee. The Magistrate Judge therefore believes this action must also be dismissed because this court may not exercise personal jurisdiction over any of these Defendants.

D.    Judicial Immunity

Finally, Defendant Nye argues that he has judicial immunity and is not subject to suit regarding his decision in Idaho. The Magistrate Judge agrees. "It is well established that judges performing adjudicatory functions are absolutely immune from suits for money damages." *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). The Supreme Court has identified only two exceptions to this immunity, neither applicable here. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (Judges are not immune from "liability for nonjudicial actions" or for "actions, though judicial in nature, taken in the complete absence of all jurisdiction."). Clearly, Defendant Nye

was engaged in judicial actions, and there is no indication Defendant Nye lacked all jurisdiction for the Idaho dispute.[6]

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Motions to Dismiss be **GRANTED** and Plaintiff's action be **DISMISSED with prejudice**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver

---

[6] The Supreme Court has provided the following examples for a total lack of jurisdiction:

> if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority. But if on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district, should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

*Bradley v. Fisher*, 80 U.S. 335, 352 (1871).

of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 31st day of March, 2011.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge